UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MARIA FERNANDEZ BAZAN DE MANSILLA,<br><br>               Plaintiff,<br><br>          -against-<br><br>CARMELA FUZCO and AGUSTINO FUZCO,<br><br>               Defendants. | **ORDER**<br><br>25-CV-08610 (PMH) |

PHILIP M. HALPERN, United States District Judge:

On January 30, 2026, the Court issued an order directing Plaintiff to supplement her motion for default judgment by, *inter alia*, filing a statement of damages, an affidavit from a party with personal knowledge of damages and the basis for each element of damages, including interest, attorney's fees, and costs, attaching exhibits as necessary to support the basis therefor; and a memorandum of law. (Doc. 22). On February 4, 2026, Plaintiff filed a memorandum of law and a letter asking the Court to explain what other documents the January 30, 2026 order directed. (Doc. 23). The Court issued another order addressing Plaintiff's query, referring Plaintiff to the Court's prior order and stating: "Plaintiffs, although they filed an acceptable memorandum of law, have not supported their application with the required sworn statement of damages, nor with the required affidavits from individuals with personal knowledge of damages and the basis for each element of damages, including attorneys' fees and costs, nor have they attached exhibits to support any of the damages requested." (Doc. 24). On February 11, 2026, Plaintiff filed an affidavit that appeared almost identical to the attorney affirmation initially submitted in support of her motion, attaching a letter that is so pixelated that the Court was unable to determine what it purports to be, and fourteen pages of photos of a phone displaying text messages primarily in Spanish with no

accompanying translation. (Doc. 25). The Court, accordingly, issued an order granting Plaintiff one more opportunity to comply with the rules to submit the requisite documentation in support of the damages requested, including attorney's fees. (Doc. 26). On March 6, 2026, Plaintiff filed a proposed default judgment and affidavit in support. (Docs. 28, 29). On March 10, 2026, the Court signed and entered the order to show cause. (Doc. 30).

The Order to Show Cause directed that it be served upon Defendants, together with the papers upon which it was based, by personal service by March 20, 2026 and that Plaintiff file proof of such service by April 10, 2026. (Doc. 30). No proof of service was filed.

On April 22, 2026, the Court issued an Order concerning the insufficient basis provided for any award of attorney's fees. (Doc. 31). The Court directed that if Plaintiff sought attorney's fees and costs, she must file and serve by May 4, 2026, an attorney's affidavit itemizing the time and services rendered by each individual rendering services, and attach thereto copies of the contemporaneous time records, together with sufficient documentation of payment of the claimed costs. (*Id.*). The Court further directed that in addition to filing, Plaintiff must serve on Defendants by overnight mail a copy of that order and the supplemental attorney's affidavit with exhibits. (*Id.*). The order further specified that proof of service be filed no later than May 11, 2026. (*Id.*). Plaintiff filed a letter with a blurry copy of a spreadsheet; no attorney's affidavit itemizing the time and services rendered by each individual rendering services, no contemporaneous time records, and no proof of payment of the claimed costs. (Doc. 32). No proof of service was filed.

Accordingly, Plaintiff is directed to prove that she served Defendants with the Order to Show Cause and supporting papers by personal service by March 20, 2026 and that she served the supplemental letter in support of her request for attorney's fees and costs by May 4, 2026. Such proof of service shall be filed by May 15, 2026.

Failure to strictly comply with this Order and prove that Plaintiff served Defendants with the Order to Show Cause, papers in support thereof, and supplemental filings, will result in dismissal of this action in its entirety, without prejudice, for want of prosecution and failure to comply with this Court's orders under Federal Rule of Civil procedure 41(b).

SO ORDERED.

Dated: White Plains, New York
        May 13, 2026

_____
        Philip M. Halpern
        United States District Judge